ANDREW BEISER, Jr., Respondent, *v.* CHARLES W. BEISER *et al.*, Appellants.

*Supreme Court, First Department, General Term, December 2, 1889.*

1. *Evidence. Deed.*—In an action to set aside certain deeds given by plaintiff's mother, conveying all her real estate to her other children, upon the ground that such deeds were never delivered, but were executed from fear of a litigation pending against her husband, it is proper to show that an action had been brought by a creditor against her husband as an insolvent debtor, which was afterwards settled.
2. *Same.*—The grantor's subsequent mortgage upon, and equal devise of, said real estate, are also competent in evidence.
3. *Same.*—The evidence in this case was held sufficient to establish that the deed in controversy was not delivered in the lifetime of the grantor.

Appeal from a judgment recovered on trial before the special term.

*Francis H. Van Vechten,* for appellants.

*Robert E. Deyo,* for respondent.

DANIELS, J.—The action was brought by the plaintiff as one of the heirs-at-law and devisees of Elizabeth Beiser, deceased, to vacate and set aside three deeds of real estate, and the record made of such deeds in the office of the register of

the county of New York. The contending parties are the children of Elizabeth Beiser, who in her lifetime was the owner of the three parcels of land described in the deeds in controversy. And prior to the time of her decease she became the owner of another parcel of land previously held by her under a lease, for which a deed was nominally executed by her to two of her other children. These four parcels of land constituted all her real estate, and substantially all of her property, her personal estate being of no considerable value. And if the deeds should be maintained their effect would be contrary to her expressed intention by her will, to leave one of her children unprovided for. And if the deed made in behalf of two of the children conveying the lot owned by her on Forty-fifth street should not be sustained, and the other three deeds should be held to be valid, then the grantees in those three deeds would thereby not only receive the greater part of her estate, but in addition to that be entitled to participate in the remaining parcel of land contained in the fourth deed affecting the property on Forty-fifth street. And that would be likewise in conflict with the intention of the testatrix as it was disclosed in her will.

The position taken by the plaintiff in support of the action was that these deeds were made and executed by the testatrix under the apprehension of trouble growing out of a suit brought against her husband as an insolvent debtor, and that they were neither of them delivered during her lifetime, inasmuch as no necessity for their delivery afterwards arose out of that litigation, it having been adjusted and settled. The defendants who were named as grantees in the deed of the Forty-fifth street parcel of land have neither of them contended that the deed including that parcel of land was ever in fact delivered during the lifetime of the testatrix. And to maintain this action it was alleged by the plaintiff that neither of the three deeds in which Charles and George Beiser were respectively named as grantees, and their sister Elizabeth Wagner as the grantee in the third, was delivered

prior to the decease of the grantor. And for that reason it was insisted that those deeds should be held to be inoperative and their record vacated.

To prove the case on behalf of the plaintiff, John Beiser, a son of Elizabeth Beiser, was sworn and examined as a witness in the action. And he testified that on his way from Montreal, where he resided, to attend the funeral of his mother, he discovered from a New York paper that these three deeds in controversy had been put upon record; and that after his arrival in the city of New York, and either on the 9th or the 14th of December, 1884, he had an interview with his father in the presence of George and Charles Beiser, the grantees in two of the deeds, concerning these three deeds.

And that it was then stated in the presence of these two persons by their father that the deeds were delivered by him to these two sons and their sister, Mrs. Wagner, after the decease of their mother, who was the grantor and owner of the property; that this statement was made in the hearing of these persons and the other children who, with the exception of Mrs. Wagner, were present and no denial of the truth of the statements was made by either of them. But the further testimony of the witness was to the effect that an arrangement was then reached between these parties that the deeds should not be insisted upon as such, but that the property should be divided in conformity to the will of their mother, giving it equally to all the children after the decease of their father, who was provided in it with a life estate. The witness further testified that it was at the time stated that what these two sons should agree to would also be agreed to by their sister, Mrs. Wagner, and that she herself after that time stated that they had this authority. The evidence of this witness as to the agreement for an equal division of the property irrespective of the deeds was confirmed by the testimony of Thomas Cushing, who was called in as an attorney to be made acquainted with the agreement and to draw the necessary papers to carry it into effect. For

he testified that it was stated to him by, or in the presence of these two sons, George and Charles Beiser, that the property was to be divided in this manner, and that the deeds themselves were practically to be annulled or set aside. The correctness of this evidence was also further sustained by the letters of these two brothers to the witness, John Beiser, written afterwards at different times. But the agreement was not carried into effect, for the reason that they afterwards dissented from the arrangement and concluded that no change in the situation should be made until after the decease of their father, who was to have the rents and profits of the land, and that then it should be carried into effect. The testimony of these witnesses on behalf of the plaintiff appeared to be entirely reliable. And it was not overcome by that which the two defendants Charles and George Beiser gave denying the interview concerning the delivery of the deeds, nor by that of their sister, who was left unprovided for if the deeds should be allowed to stand, to the effect that her mother stated to her that she was glad that she had handed it over to George and Charles because she felt more confidence in her two youngest sons.

What it was that was referred to in this interview does not appear from the evidence. The interview was brief, attended with no explanations, and may, from what the witness stated had taken place, have been misunderstood by her, or to have related to another transaction. The evidence of the witness Schlegel, that he, on the morning of Washington's birthday, in 1884, which was prior to the time of the decease of Elizabeth Beiser, had seen two of the deeds, is not very materially in conflict with the case, as it was presented on behalf of the plaintiff. For even if he did see two of the deeds, and examined one of them, he may very well have been mistaken, as he probably was, in the time of the year when these deeds were subjected to his inspection.

The plaintiff's position in the case is further fortified by the circumstance that the testatrix borrowed money on a

part of the property after the date and acknowledgment of these three deeds, and secured its repayment by a mortgage, which is an act of ownership indicating her understanding to have been that she had done nothing to change the title to the land. The further fact that the property was insured in her name is an additional circumstance sustaining the plaintiff's case. And so is the disposition which she directed to be made of her estate by her will. For in that she devised and bequeathed all her property, both real and personal, to her children in equal shares, or to the survivors of them, at the time of the decease of her husband, who was given the use of it for the term of his natural life. This will was executed in April, 1884, about two years after the execution of the deeds in controversy. And these directions plainly exhibit her understanding to have been that at the time when the will was made, which was after the time mentioned by the witness Schlegel in his evidence, she was the owner of real estate, and that she would not have been if all the deeds that she had signed and acknowledged had been delivered. And if she delivered either, there was no reason whatever for supposing that she would have withheld the fourth.

Upon the whole case as the evidence disclosed it, the dispute involved no more than an inquiry into the facts. And the court before which the witnesses were examined has given credence to the evidence as it was furnished on behalf of the plaintiff. And that was sufficient to prove the fact to be that neither of these deeds in controversy was delivered by Elizabeth Beiser during her lifetime.

It was quite proper to make proof of the litigation between Menk and the husband of the grantor in these deeds, for it afforded evidence of a motive on her part for the execution of the deeds, placing herself in a position to deliver them afterwards in case that in her judgment it became necessary. The exception taken to the refusal of the court to allow the witness, Charles W. Beiser, to answer the question whether

34

he had claimed to be owner of the property described in the deed to him from the 17th of April, 1882, has been avoided, for he was afterwards and upon his cross-examination interrogated again as to this fact, and answered that he had always claimed to be the owner of this property, both legally and equitably. Neither is there any foundation to support the exceptions taken to the rulings of the court as to the competency of the defendants, Charles and George Beiser, to prove the fact of the delivery of the deeds to them for themselves and Mrs. Wagner, for they were afterwards permitted to give that evidence.

There is nothing in the case having any substantial tendency to bring the final decision of the court into doubt.

It was well supported by the evidence and all the probabilities arising out of the facts which were proved. And without considering any further objections which have been taken, and which do not appear to have any basis for their support, the judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurs.